UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACTION TAPES, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 05-CV-0740-B |
| | § | ECF |
| LAURA MILKOVIC, | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Entry of Judgment by Default (doc. 7), filed September 27, 2005. After review of the pleadings and evidence in this case, the Court **GRANTS** Plaintiff's Motion and will enter a separate Judgment for **$500,000** in damages, **$20,000** in attorneys' fees, and **$450** in costs against Defendant Laura Milkovic. The Court will also enter a permanent injunction against Laura Milkovic, prohibiting her further infringement of Plaintiff's products.

## I.  BACKGROUND

This copyright infringement action was filed by Plaintiff Action Tapes, Inc. ("Action Tapes") on April 15, 2005 against Defendant Laura Milkovic ("Milkovic"). Action Tapes sought damages from Milkovic for her conduct in selling over seven hundred (700) of Action Tapes' separately copyrighted items on the Internet. The return of service on file indicates that Milkovic was served on May 3, 2005. (doc. 6) Because she never filed a response, Action Tapes filed the instant Motion for Entry of Judgment by Default on September 27, 2005. (doc. 7) The Clerk entered default on

September 28, 2005, and the Court held an evidentiary hearing on October 28, 2005 to consider the grounds for Action Tapes' damages.  The Court also requested and received further evidence on Action Tapes' attorneys' fees.  Having considered all of the evidence in this case, the Court now turns to the merits of its decision.

## II.  ANALYSIS

A default judgment against a defendant conclusively establishes the defendant's liability; however, it does not establish the amount of damages.  *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (noting that after default the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages).  Therefore, it is Action Tapes' burden, in this case, to establish an evidentiary basis for the damages it seeks.

### A.    *Copyright Damages*

Action Tapes seeks statutory damages for over seven hundred copyright violations that occurred when Milkovic sold Action Tapes' products on the Internet.  Pursuant to 17 U.S.C. § 504(c)(1), a copyright owner may elect to receive statutory damages in lieu of actual damages. Statutory damages may range from $750 to $30,000 for each work infringed.  *Id.*  Here, Action Tapes produced evidence of at least seven hundred separate works that were infringed by Milkovic's sales on the Internet and asks for $750 per work infringed in statutory damages, for a total of **$500,000**.[1] The Court finds that such an amount appropriate under the law.

### B.    *Attorneys' Fees*

Action Tapes also seeks $20,000 in attorneys' fees.  Under 17 U.S.C. § 505, the Court has

---

[1]  The Court recognizes that seven hundred works infringed at $750 each is actually worth $525,000; however Action Tapes has only asked for $500,000.

the discretion to award attorneys' fees in copyright infringement actions. The Court has determined that an award of attorneys' fees is appropriate here. Action Tapes presented time sheets of its counsel that indicate over eighty (80) hours spent on this matter. Combined with Action Tapes' evidence of counsel's standard billing rate, the Court finds that **$20,000** is an appropriate amount in attorneys' fees. The Court will also award **$450** in costs, as requested by Action Tapes.

## C.    *Permanent Injunction*

Finally, Action Tapes requests that Milkovic be permanently enjoined from violating Action Tapes' copyrights. To obtain a permanent injunction, a party must prevail on the merits of its claim, establish that equitable relief is appropriate, and show that the harm is irreparable in that no adequate remedy at law exists. *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Action Tapes has prevailed on its claims by virtue of Milkovic's default. The Court is also convinced that equity requires a permanent injunction because the harm is irreparable. At the evidentiary hearing in this matter, Action Tapes' counsel explained that she had been in contact with Milkovic, who indicated she had no assets to pay any judgment and that she did not intend to stop her infringing activities. The Court finds that this demonstrates an irreparable harm and that equity favors an injunction in this case. *See id.* at 848 (holding "there is no adequate remedy at law if the defendant is incapable of responding in damages"). The Court will enter the following injunction as requested by Action Tapes:

Defendant Laura Milkovic, her agents, employees, representatives, and any person acting in concert with her shall be permanently enjoined and restrained from doing, abiding, causing, or abetting any of the following:

(a) engaging in any acts or activities directly or indirectly calculated to sell, copy, distribute, or promote any Action Tapes, Great Notions or Amazing Designs' Embroidery Designs;

(b) directly or indirectly using or distributing any duplication or reproduction of the Embroidery Designs of Action Tapes, Great Notions or Amazing Designs;

(c) trading, copying, posting, uploading, downloading, soliciting, exchanging, selling, scanning, soliciting or accepting donations for, and/or dealing with in any manner whatsoever, any and all Action Tapes, Great Notions or Amazing Designs' Embroidery Designs; and

(d) participating in any website, internet service, Usenet, e-mail group or other computer or computer-assisted methodology for the purpose of trading, posting, uploading, downloading, soliciting, exchanging, selling, scanning or dealing with in any other manner whatsoever, any and all Action Tapes, Great Notions or Amazing Designs Embroidery Designs, or allowing, encouraging, cooperating, aiding, abetting or assisting other persons in doing these things or posting or communicating any statements relating or referring to Great Notions, Amazing Designs or Action Tapes in any manner whatsoever.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Entry of Judgment by Default.   The Court will enter a separate Judgment incorporating the damages amounts and injunction detailed in this Order.

**SO ORDERED.**

SIGNED November  15th , 2005

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 4 -